## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

MARVIN L. KEMP                                                                                    PLAINTIFF

v.                                             1:12-cv-00003-JMM-JTK

RAY HOBBS, et al.                                                                              DEFENDANTS

## ORDER

Plaintiff originally filed this action on January 9, 2012 (Doc. No. 2).  The case was

dismissed for failure to prosecute on February 23, 2012 (Doc. No. 7, 8), and re-opened on March

5, 2012 (Doc. No. 13).  Summons was returned, unexecuted with respect to Defendant Nathan

Huffman on March 22, 2012 (Doc. No. 22).  Summons was reissued as to Huffman on April 11,

2012 (Doc. No. 31), but again returned, unexecuted, on May 17, 2012 (Doc. No. 38).  By Order

dated June 11, 2012, the Court notified Plaintiff that FED. R. CIV. P. 4(m) provides for a 120-day

time limit for effecting service on a defendant, and informed him of one final opportunity in

which to provide a present address or to obtain service on Defendant, within thirty days of the

date of the Order (Doc. No. 42).  The Court further advised Plaintiff that failure to respond or

obtain service would result in the dismissal of Defendant Huffman from his Complaint.  As of

this date, the Court has not received any additional information from the Plaintiff, and Defendant

Huffman has not been served with summons and a copy of Plaintiff's complaint against him.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

If a defendant is not served within 120 days after the complaint is filed, the court
– on motion or on its own after notice to the plaintiff – must dismiss the action
without prejudice against that defendant or order that service be made within a
specified time. But if the plaintiff shows good cause for the failure, the court must
extend the time for service for an appropriate period.

This Court's June 11, 2012 Order constituted notification to the Plaintiff, within the

meaning of Rule 4, that service should be effected within a specified period of time. That time has now expired, and therefore, absent any additional information from the Plaintiff concerning Defendant Huffman's address, the Court will dismiss Defendant Huffman from his complaint without prejudice. Accordingly,

IT IS, THEREFORE, ORDERED that Defendant Nathan Huffman is DISMISSED from Plaintiff's Complaint, without prejudice, for failure to serve.

IT IS SO ORDERED this  16  day of  July , 2012.

_____
JAMES M. MOODY
UNITED STATES DISTRICT JUDGE