**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

MARVIN L. KEMP                                                                                              PLAINTIFF

v.                                            1:12CV00003-JMM-JTK

RAY HOBBS, et al.                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.  INTRODUCTION**

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 48).  Plaintiff filed a Response and Supplemental Response to the Motion (Doc. Nos. 53, 55).

Plaintiff Marvin Kemp is a former state inmate of the Arkansas Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983 against Defendants while incarcerated at the Grimes Unit of the ADC, alleging unconstitutional conditions of confinement. Defendants are ADC Director Ray Hobbs, ADC Deputy Director Marvin Evans, Warden John Maples, Assistant Warden Joe Page, and Segregation Supervisor Jonathan Noel.  Plaintiff asks for monetary and declaratory relief.

In his Complaint, Plaintiff states that he worked in segregation from October, 2010, until June, 2011 (Doc. No. 2, p. 5).  On February 2, 2011, between 9 p.m. and 12 a.m., Sergeant Carter (a non-party) directed him to clean out the suicide watch cell, where an inmate had left feces and blood smeared in the cell.  (Id.)  Plaintiff asked for protective gear and the Sergeant told him he was unable to access the equipment at that time.  (Id,)  When Plaintiff refused to clean the cell, the

Sergeant threatened to "lock" him up if he didn't put on rubber gloves and clean the cell. (Id.) Plaintiff then fashioned a suit out of trashbags and a pillow case and cleaned the cell. (Id.) He alleges that Defendants never trained him on how to use proper protective gear and chemicals, and failed to provide him with protective gear. (Id. at pp. 5-6.) He further alleges Defendants are aware of the dangers posed to his health and safety while working to clean the filthy segregation cells. (Id. at p. 6.) Plaintiff worries about his future health and suffers mental anguish from performing his job. (Id.)

## II.     SUMMARY JUDGMENT

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.     Defendants' Motion

Defendants state they are entitled to judgment as a matter of law on Plaintiff's claim, because Plaintiff cannot show that he suffered an actual injury as a result of his job requirements. In

addition, they state that Plaintiff cannot show that they acted with deliberate indifference to his job duties, or that they were personally aware of and involved in the acts at issue in this case. Defendants note that respondeat superior liability is not applicable to § 1983 actions, citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), and Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). They also note that any claim for injunctive relief is moot, because Plaintiff no longer is incarcerated, and that claims for money damages against them in their official capacities are barred by sovereign immunity. Finally, Defendants state they are protected from liability by qualified immunity because they did not violate a clearly established right of Plaintiff, given evidence that he was provided protective gear appropriate to the cleaning demands and received weekly safety training consistent with prison policy. Defendants had no reason to believe that Plaintiff did not receive proper orientation and protective gear as required.

In support of their Motion, Defendants present the affidavit of Defendant Warden Maples (Doc. No. 50-1). In the affidavit, Maples states that in reviewing Plaintiff's grievance about the incident at issue in this case, he reviewed ADC records and the facts, finding that segregation porters often are required to clean up blood and feces as a part of their job duties. (Id. at p. 2.) In such cases, however, the porters are provided appropriate safety gear by their direct supervisors, as determined by the supervisors. (Id. at p. 2.) That gear includes a slicker suit, latex gloves, face shield, rubber boots, Razor's Citrus Breeze ( a germicide cleaner), deodorant and disinfectant which kills Streptococcus Pyogenes, Salmonella, Staphylococcus, Aureus and HIV-I. (Id. at pp. 2, 14, 17-25.) At the time of the incident, Plaintiff's supervisor was former Defendant Huffman. (Id. at p. 2.)[1]

---

[1] Defendant Huffman was dismissed on July 16, 2012, for failure to serve within the time period set forth in FED.R.CIV.P. 4(m) (Doc. No. 43).

Defendant Maples also states that the other Defendants named in this action were not present at the Plaintiff's job site on February 2, 2011, and did not directly supervise or exercise control over his work assignment duties and performance. (Id. at p. 3.) Finally, Defendant provides sign-in sheets from weekly safety and sanitation meetings from December 5, 2010, through March 4, 2011, all of which include Plaintiff's signature verifying his presence. (Id. at pp. 26-60.) According to those sheets, inmates were trained concerning slips, trips and falls, work habits, first aid, and proper handling of items including chemicals, tools and electrical equipment (including instructions to use protective clothing.) (Id. at pp. 58-59).

Defendant Noel also provides a declaration in which he states that at the time of the incident at issue, Plaintiff was an administrative segregation porter under the supervision of the segregation supervisor, who was former Defendant Huffman. (Doc. No. 50-2, p. 2.) Noel further states that he did not supervise Huffman or Plaintiff's work assignment duties. (Id.)

**B.     Plaintiff's Response**

In Response, Plaintiff states that all the Defendants were deliberately indifferent to his safety by failing to act reasonably in response to danger. He claims Defendants were "negligent" in their duties to maintain weekly safety and sanitation meetings, which constituted cruel and unusual punishment. (Doc. No. 55, p. 1.) He denies that he was provided orientation and training about sanitation and protective gear. (Id.) He states Evans and Hobbs are responsible for the overall operations of the ADC, Maples and Page are responsible for the operations of the Grimes Unit, and Noel held the shift supervisor position. (Id. at p. 2.) He also states that Huffman, who is no longer a Defendant in this action, "was assigned to Grimes Unit to be sure all of the procedures, regulations and rules are followed such as safety briefing once a month as needed...." (Id.)

### C.     Analysis

Initially, the Court notes that Plaintiff's monetary claims against Defendants in their official capacities are barred by sovereign immunity. The Eleventh Amendment bars damage claims against state officials sued in their official capacities. Will v. Michigan Dept' of State Police, 491 U.S. 58, 65-66 (1989), and Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)**.**

Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). In order to support an Eighth Amendment violation, Plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004), quoting Rhodes v. Chapman, 452 U.S. 337, 342 (1981) and Estelle v. Gamble, 429 U.S. 97, 104 (1977). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." Wilson v. Seiter, 501 U.S. 294, 298-9, quoting Whitley v. Albers, 475 U.S. 312, 319 (1986). Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984), quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983).

In addition, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional

actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d at1376.

Plaintiff alleges that Defendants Evans and Hobbs are liable because they were responsible for the overall operation of the ADC. He does not allege any knowledge by them of the incident or of his alleged problem in obtaining proper protective gear. Therefore, the Court finds that his allegations against them should be dismissed as based solely on their supervisory positions. Likewise, he alleges that Defendant Page as assistant warden is responsible for the Grimes Unit, and that Defendant Noel held a shift supervisor position at the Unit. He does not, however, allege any further knowledge and/or involvement by them with the acts at issue, and therefore, they also should be dismissed.

With respect to Defendant Maples, who responded to his grievance, Plaintiff alleges some knowledge by him of his allegations **after** the filing of the grievance. However, he does not claim that Maples was informed of any problems or difficulties in obtaining safety gear and/or training prior to the incident at issue. He also does not address the fact that his signature appears on weekly safety meeting sheets as having been present at the meetings where certain topics were discussed. Defendant Maples' responsibility in investigating and responding to Plaintiff's grievance, in and of itself, is not a sufficient basis for liability. "A supervisor's mere involvement in the grievance process is insufficient to be actionable under 42 U.S.C. § 1983....Moreover, it is well settled that a failure to properly investigate or respond to a prisoner's grievances is not actionable under section 1983." Fowler v. Crawford, No. 07-4197-CV-C-SOW, 2009 WL 2982922 *3 (W.D.Mo. 2009). Furthermore, "[a] mere failure to properly investigate and/or respond to an allegation of unconstitutional activity contained in a prisoner's grievance does not provide a basis for finding

liability under section 1983." Id.,citing Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002).[2]

Therefore, not only does it appear that Plaintiff's allegations against Defendants are based solely on their supervisory positions, but Plaintiff provides no evidence that Defendants acted with deliberate indifference to his health and safety needs. Plaintiff admits that the ADC promulgated regulations governing safety and sanitation, and any allegation that Defendants failed to comply with the regulations does not support a constitutional claim. See Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1993). In addition, Plaintiff does not allege any specific actions by any of the named Defendants which show that they knew that sanitation rules were violated and turned a blind eye toward such a practice.[3] Therefore, the Court also finds as a matter of law that Plaintiff fails to support his allegations of deliberate indifference against Defendants.

Although the Court concludes that Defendants are entitled to summary judgment as a matter of law because they were sued based on their supervisory positions only and due to the lack of evidence of deliberate indifference, the Court also will address their alternate theory for dismissal, qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from

---

[2] The Court finds interesting the fact that the one individual mentioned in the Complaint as involved in the incident at issue, Sgt. Carter, was not named as a Defendant in this lawsuit.

[3] He also admits that he did not attempt to clean the cell in February, 2011, until he fashioned a protective suit of sorts out of trashbags and a pillow case. (Doc. No. 2, p. 5.)

suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[4] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Upon review of the evidence in support of the Defendants' Motion for Summary Judgment, the Court finds that they acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. As noted, Plaintiff alleges no knowledge or participation in the February, 2011, incident by Defendants Hobbs, Evans, Page or Noel. In addition, his allegations against Defendant Maples appear to be based on his response to a grievance filed after the fact, and he provides no evidence of Maples' knowledge and/or participation with his job requirements prior to the incident. Therefore, the Court finds Defendants also are entitled to qualified immunity on Plaintiff's claims against them.

---

[4]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

## III.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 48) be GRANTED, and that Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 11th day of February, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE